IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ANTONIO JOHNSON, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | No. 3:17-CV-720-G-BT |
| | § | |
| LORIE DAVIS, Director, TDCJ-CID, | § | |
|     Respondent. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The Findings, Conclusions, and Recommendation of the Magistrate Judge follow:

I.

Petitioner filed this petition for writ of habeas corpus under 28 U.S.C. § 2254. For the foregoing reasons, the Court recommends that the petition be dismissed for failure to exhaust state remedies.

Petitioner challenges his conviction for aggravated assault with a deadly weapon, enhanced. *State of Texas v. Antonio Alphonso Johnson*, No. F-1258820-H (1st Crim. Ct., Dallas County, Tex., Jan. 29, 2013). Petitioner pleaded guilty to the charge and two enhancement paragraphs.

The court sentenced him to twenty-five years in prison. He did not file an appeal.

On September 30, 2013, Petitioner filed a state petition for writ of habeas corpus. *Ex parte Johnson*, No. 81,526-01. On June 25, 2014, the Court of Criminal Appeals dismissed the petition as noncompliant. On November 28, 2016, Petitioner filed a motion with the Court of Criminal Appeals to reinstate his petition. On December 9, 2016, the Court of Criminal Appeals denied the motion.

On March 6, 2017, Petitioner filed the instant § 2254 petition. He argues his guilty plea was involuntary due to ineffective assistance of counsel. On May 8, 2017, Respondent filed her answer arguing the petition is unexhausted and barred by the statute of limitations. Petitioner did not file a reply.

II.

A petitioner must fully exhaust state remedies before seeking federal habeas relief. *See* 28 U.S.C. § 2254(b). This requires a petitioner to present his claims, in a procedurally proper manner, to the highest available state court for review. *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982); *O'Sullivan v. Boerckel*, 526 U.S. 838, 844–45 (1999). A Texas prisoner must present his claims to the Texas Court of Criminal Appeals in a petition

2

for discretionary review or an application for writ of habeas corpus. *Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986); *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985). A federal habeas petition that contains unexhausted claims must be dismissed in its entirety. *Thomas v. Collins*, 919 F.2d 333, 334 (5th Cir. 1990); *Bautista*, 793 F.2d at 110.

Here, Petitioner failed to present his claims to the state court in a procedurally proper manner because he submitted his petition without signing the verification. *See* Tex. Code Crim. Proc. Ann. art. 11.14 (West 2013); *Ex parte Rendon*, 326 S.W.3d 221 (Tex. Crim. App. 2010). The Court of Criminal Appeals therefore did not consider the merits of Petitioner's claims, but dismissed the petition as noncompliant. Although Petitioner filed a motion to reinstate his petition, he did not file a compliant state habeas petition with the trial court. *See* Tex. Code Crim. Proc. Ann. art. 11.07 § 3 (stating a habeas petition must be filed in the court of conviction). Petitioner therefore failed to exhaust his state remedies.[1]

Although the terms of § 2254(b)(2) provide that an application for a writ of habeas corpus may be denied on the merits notwithstanding the

---

[1] The Court finds dismissal on exhaustion is appropriate and therefore declines to address Respondent's claim that the petition is also barred by the statute of limitations, and that Petitioner is not entitled to equitable tolling based on his claim of mental deficiency.

3

applicant's failure to exhaust his state court remedies, complete exhaustion assists the federal courts in their review because federal claims that have been fully exhausted in state courts will necessarily be accompanied by a more complete factual record. *See Rose v. Lundy,* 455 U.S. 509, 518-19 (1982).

### III.

The Court recommends that the petition be dismissed without prejudice for failure to exhaust state remedies.

Signed February 6, 2018.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## **INSTRUCTIONS FOR SERVICE AND** <br> **NOTICE OF RIGHT TO OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).